# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAVID MICHAEL MANSFIELD,

    Plaintiff,

vs.                                                         No. CV 18-00606 RB/KK

FNU SIMMS, WARDEN, and
STATE EMPLOYEE J. CROCKET

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court under Fed. R. Civ. P. 41(b) on the Prisoner's Civil Rights Complaint filed by Plaintiff David Michael Mansfield. (Doc. 1.) The Court will dismiss the Complaint without prejudice for failure to comply with Court orders and failure to prosecute.

Plaintiff is an incarcerated prisoner. He filed a Prisoner's Civil Rights Complaint on June 27, 2018. (Doc. 1.) Plaintiff submitted an application to proceed without prepayment of fees or costs under 28 U.S.C. § 1915, but did not include the required 6-month inmate account statement. (Doc. 2.) On July 3, 2018, the Court ordered him to cure the deficiency by submitting his account statement within 30 days. (Doc. 4.) In its Order, the Court advised Plaintiff that failure to cure the deficiency in his application to proceed could result in dismissal of the case without further notice. (Doc. 4 at 1–2.) Plaintiff did not submit the required 6-month inmate account statement or otherwise respond to the Court's July 3, 2018 Order.

On October 5, 2018, the Court entered an Order to Show Cause, directing Plaintiff to show cause within 30 days why this case should not be dismissed for failure to comply with the Court's July 3, 2018 Order. (Doc. 5.) The Order to Show Cause notified Plaintiff that if he failed to show

1

cause within 30 days, the case could be dismissed without prejudice under Fed. R. Civ. P. 41(b) without further notice. (Doc. 5.) More than 30 days has elapsed since entry of the October 5, 2018 Order, and Plaintiff has not shown cause or otherwise responded in any way to the Court's Order.

Under 28 U.S.C. §§ 1914 and 1915, the Court is required to collect the filing fee or grant a prisoner leave to proceed *in forma pauperis*. Section 1915 states:

> "A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), **shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . ."**

28 U.S.C. § 1915(a)(2) (emphasis added). Plaintiff was ordered to submit the required 6-month inmate account statement, but failed to comply with the Court's Order. When Mansfield failed to submit the account statement, he was ordered to show cause why the case should not be dismissed, but similarly failed to comply with the show cause order.

Pro se litigants are required to follow the federal statutes, rules of procedure, and simple, nonburdensome local rules and to comply with Court orders. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Orders and failure to prosecute this proceeding.

**IT IS THEREFORE ORDERED:**

(1) the Application to Proceed in the District Court Without Prepaying Fees or Costs filed by Plaintiff David Mansfield (Doc. 2) and Motion to Appoint Counsel (Doc. 3) are **DENIED** as moot in light of this dismissal; and

(2) the Prisoner's Civil Rights Complaint filed by Plaintiff David Michael Mansfield (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with Court orders and failure to prosecute.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE